

FILED
2021 Jan-15  PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PETER D. PROTOPAPAS, as** | ) | |
| **Receiver for GREAT BARRIER** | ) | |
| **INSULATION COMPANY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **Case No. 2:21-cv-00033-ACA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE STANDARD FIRE INSURANCE** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## BRIEF OF COBBS ALLEN IN SUPPORT OF MOTION TO DISMISS

Cobbs Allen & Hall, Inc. (CAH) moves to dismiss all claims against it pursuant to F.R.C.P. 12(b)(6). Plaintiff fails to state any claim against CAH upon which relief can be granted. In support, CAH submits the following:

## I.        SUMMARY OF ARGUMENT

Plaintiff has been appointed as Receiver for defunct corporation Great Barrier Insulation Company, the defendant in a series of asbestos injury lawsuits. Plaintiff brought this suit against certain insurers which allegedly issued liability policies to Great Barrier in the 1980s, which policies Plaintiff alleges may cover the asbestos claims. Plaintiff also asserts claims against insurance agency CAH, which Plaintiff alleges procured those policies for Great Barrier.

Plaintiff seeks three types of declaratory relief: a declaration that the

Insurance Defendants must compensate the Plaintiff for his efforts as Receiver for Great Barrier (Count I); a declaration that he is entitled to copies of the insurance policies at issue in this dispute (Count II); and a declaration regarding Great Barrier's and the insurers' rights and obligations under those policies. (Count III). The only declaratory relief sought from CAH is a judicial determination that CAH must defend and indemnify Great Barrier if the Court determines the insurers never issued the policies to Great Barrier. The request for declaratory relief from CAH is based on pure speculation and conjecture that the Insurance Defendants never issued the polices.

Plaintiff asserts two causes of action against CAH alleging CAH procured insurance policies that were issued between 1983 and 1987. Plaintiff alleges CAH breached duties to procure and document insurance (Count IV), and breached contractual obligations to produce sufficient insurance and to generally provide services agreed upon by contract. (Count V). All of the claims against CAH fail as a matter of law.

The rule of repose bars actions not brought within 20 years from when they could have been commenced. No discovery rule applies to the rule of repose. Plaintiff's claims against CAH are based on the procurement of policies issued more than 30 years ago in 1983 and 1984. The rule of repose bars Plaintiff's claims against CAH because those claims are based on alleged wrongdoing occurring

3748297

more than 20 years before suit was filed. Plaintiff also fails to allege any legally viable claims against CAH for failing to maintain records of insurance policies issued almost four decades before this lawsuit was filed.

## II. FACTS PLED IN THE COMPLAINT[1]

This is an insurance dispute. (Compl., ¶ 1). Plaintiff is a court-appointed Receiver for Great Barrier, a thermal insulation contractor that administratively dissolved in or before November 2007. (*Id.* ¶¶ 11-12). Great Barrier has been sued in asbestos-exposure lawsuits allegedly arising from its business operations. (*Id.* ¶ 12). The claimants' injuries in the asbestos suits allegedly "took place during the period 1970 to at least 1986 or 1987, and thereafter continued and progressed." (*Id.* ¶ 12).

As Great Barrier's appointed Receiver, Plaintiff seeks to "identify potential assets and responsive policies" that provide coverage for the Great Barrier asbestos suits. (*Id.* ¶ 17). Plaintiff sues Great Barrier's liability insurers and its former retail insurance agent CAH. Plaintiff alleges CAH procured liability policies issued by defendants Standard Fire, Twin City,[2] St. Paul, and Gen Re[3] (the Insurance Defendants) for policy periods between 1983 and 1987. (*Id.* ¶ 14). Plaintiff alleges

---

[1] Doc. 1-1 at 3-19.
[2] Plaintiff dismissed Twin City on December 23, 2020. (Doc. 1-1 at 31).
[3] Gen Re filed a Motion to Dismiss on January 4, 2021, arguing Gen Re (St. Paul's reinsurer) never issued a policy to Great Barrier, meaning "no privity exists between Gen Re and Great Barrier." (Doc. 1-1 at 41).

the "policies, certificates or treatises evidence or provide defense and indemnity coverage, in varying degrees, for the Great Barrier asbestos suits…." (*Id.* ¶ 19).

Plaintiff asserts three counts for declaratory relief against the Insurer Defendants. In Count I, Plaintiff seeks a declaration that the Insurance Defendants "must fairly compensate the Receiver." (*Id.* ¶ 26). In Count II, Plaintiff seeks a declaration that "he is entitled to copies of all defendant insurance policies and certificates and treaties of insurance and reinsurance" issued by the Insurance Defendants. (*Id.* ¶ 31). In Count III, Plaintiff seeks numerous "declarations as to the interpretation and meaning of the insurance policies." (*Id.* ¶ 37). Plaintiff seeks no relief from CAH in its declaratory judgment counts, aside from a request that "the Court find [CAH] responsible for the defense and indemnification of plaintiff" *if* it is determined that the Insurance Defendants "did not issue or reinsure the policies containing their names…." (*Id.* ¶ 32).

Plaintiff alleges CAH breached duties owed to Great Barrier in the placement and procurement of the policies in force between 1983 and 1987. (*Id.* ¶ 41). CAH also purportedly breached an obligation to "document and maintain records of insurance." (*Id.* ¶ 42). Plaintiff also alleges that Great Barrier contracted with CAH for CAH "to procure, secure and document appropriate insurance for Great Barrier." (*Id.* ¶ 45). Despite failing to provide any evidence of the existence of any such contract, Plaintiff alleges CAH breached the contract by "[f]ailing to

4

produce sufficient insurance coverage" and "[f]ailing to provide services in accordance with the terms of the contract." (*Id.* ¶ 46).

## III.   LEGAL ARGUMENT

### A.      12(b)(6) Legal Standard.

"A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint." *Cole v. City of Tarrant*, 2014 WL 6453910, at *2 (N.D. Ala. Nov 17, 2014). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Constine v. BAC Home Loans,* 946 F.Supp.2d 1224, 1229 (N.D. Ala. 2013). A viable complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must state a plausible claim:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* (internal quotation marks omitted). The plaintiff must allege more than "labels and conclusions;" its complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Unless the plaintiff has "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

3748297

**B.      The Rule of Repose Bars All Claims Asserted Against CAH.**

Plaintiff's claims against CAH for negligence, breach of contract, and declaratory relief relate to the procurement of policies in effect between 1983 and 1987 and are barred by the rule of repose. "Under Alabama law, the rule of repose is a judicially-created doctrine that provides the outer limits of time within which an action may be maintained, regardless of whether that action is barred by the statute of limitations." *Moore v. Liberty Nat. Ins. Co.*, 108 F. Supp. 2d 1266, 1274 (N.D. Ala. 2000), *aff'd*, 267 F.3d 1209 (11th Cir. 2001). "Application of the rule of repose has only one element -- the passage of twenty years time from the moment that the actions giving rise to the claim occurred – and, if that time has elapsed, no claim can be pursued." *Id.* at 1275.

The discovery rule does not apply to the rule of repose. *Am. Gen. Life & Acc. Ins. Co. v. Underwood*, 886 So. 2d 807, 812 (Ala. 2004). *See also Ex parte Liberty Nat. Life Ins. Co.*, 825 So. 2d 758, 764 (Ala. 2002) ("[T]he 20-year period begins to run against claims the first time those claims *could* have been asserted, regardless of the claimant's notice of a claim."). "[T]he only element of the rule of repose is time." *Underwood*, 886 So. 2d at 812 (quoting *Boshell v. Keith*, 418 So. 2d 89, 91 (Ala. 1982)).

Courts in this district have applied the rule of repose and dismissed negligent procurement claims against insurance agents involving policies issued more than

3748297

20 years before suit was filed. In *Brawley v. Northwestern Mut. Life Ins. Co.*, 288 F. Supp. 3d 1277 (N.D. Ala. 2017), an insured sued a disability insurer after the insurer denied benefits under five disability policies. The insured also sued his insurance agents for negligent procurement, fraud, and suppression. *Id.* at 1280. The agents moved to dismiss,[4] arguing the rule of repose precluded the insured's tort claims against them in connection with policies issued in 1987 and 1990. Judge Hopkins agreed with the agents and granted their motion to dismiss. *Id.* at 1287.

Judge Hopkins in *Brawley* recognized that "for tort claims tied to insurance policies the rule of repose beg[i]ns running on each claim arising from the purchase of a particular policy as soon as the plaintiff pa[ys] the first premium for the policy…." *Id.* (quoting *Underwood*, 886 So. 2d at 813). The court dismissed the negligent procurement and fraud claims against the agents "[b]ecause well over 20 years elapsed between the first monthly premium for each policy [in 1987 and 1990] and the filing date of [the] complaint [in 2017]." *Id.* at 1287-88.

Plaintiff alleges the bodily injury for which Great Barrier has been sued occurred between 1970 and 1987. (Compl. ¶ 12). The policies CAH is alleged to have procured for Great Barrier provided coverage between 1983 and 1987. (*Id.* ¶

---

[4] Like in this case, the insurer in *Brawley* removed the case to federal court on grounds the agents were fraudulently joined.

14). Almost 37 years elapsed between when Great Barrier would have begun paying premiums on those policies and when Plaintiff sued CAH.

The allegations of wrongdoing against CAH involve conduct that occurred at the time those policies were issued. Plaintiff accuses CAH of failing to adhere to the standard of care in placing insurance; failing to give competent advice to Great Barrier; failing to procure appropriate coverage; and breaching purported contractual obligations to produce sufficient insurance coverage. (*Id.* ¶¶ 41, 46). Plaintiff also seeks a declaration that CAH should be responsible for defending and indemnifying Great Barrier <u>if</u> the Insurance Defendants did not actually issue the policies. (*Id.* ¶ 32). Even though the allegations in the complaint fail to "raise a right to relief above the speculative level,"[5] if the Court were to accept as true that CAH outright failed to procure any insurance for Great Barrier in the 1980s, CAH's conduct would have occurred well beyond the 20-year period of repose.

### C. The Failure to Document Insurance Claim Fails as a Matter of Law.

The policies for which Plaintiff seeks coverage were issued in 1983 and 1984. (Compl. ¶ 14). Plaintiff alleges CAH "had an obligation to document and maintain records of Great Barrier's insurance and failed to do so, thereby breaching its duty to document and maintain Great Barrier's records." (*Id.* ¶ 42). Alabama law does not require insurance agents like CAH to maintain insurance

---

[5] *Twombly*, 550 U.S. at 555.

records indefinitely as Plaintiff suggests. Licensees are required to provide an insured with records pertaining to policies of the insured upon request. Ala. Code § 27-7-33(c). But the requirement to keep "complete records pertaining to transactions under the producer's license" extends for "a period of not less than three years." Ala. Code 27-7-33(a).

Plaintiff fails to allege a viable cause of action against CAH for not maintaining policies that were issued 37 years before this suit was filed. Not only does the rule of repose bar this claim, but Plaintiff can never establish that CAH owed or breached any duty to adequately document insurance over almost four decades.

## IV.   CONCLUSION.

All claims against CAH fail to state a claim upon which relief can be granted. WHEREFORE, CAH respectfully requests this Court dismiss all of Plaintiff's claims against CAH with prejudice.

DATED: January 15, 2021.

Respectfully submitted,

*/s/ Stephen E. Whitehead*
Stephen E. Whitehead (asb-2282-t68s)
Carleton "Put" Ketcham, III (asb-6591-o46k)
Brett Chessin (asb-6064-g27f)
*Attorneys for Defendant, Cobbs, Allen & Hall, Inc.*

9

3748297

**OF COUNSEL:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone:  (205) 967-8822
Facsimile:   (205) 967-2380
steve@lgwmlaw.com
pketcham@lgwmlaw.com
bchessin@lgwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2021, a true and correct copy of the foregoing has been furnished either by filing electronically with the Clerk of Court and/or United States Mail, properly addressed and first-class postage prepaid:

Vishal H. Shah
AL ID No. ASB7716S14W
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
*Attorney for Plaintiffs*

Joel S. Isenberg
Ely & Isenberg
2100-B Southbridge Parkway, Suite 380
Birmingham, AL 35209
*Attorney for St. Paul Fire and Marine Insurance Company and Standard Fire Insurance Company*

Charles A. Dauphin
Dauphin Paris, LLC
300 Vestavia Hills, AL 35216
*Attorney for General Reinsurance Corporation*

/s/ Stephen E. Whitehead
OF COUNSEL

3748297