UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PETER D. PROTOPAS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:21-CV-33-RDP |
| **THE STANDARD FIRE INSURANCE COMPANY, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Peter D. Protopapas ("Plaintiff")'s Motion to Remand (Doc. # 32). Defendants removed this action based on diversity of citizenship. *See* 28 U.S.C. § 1441(b). In their removal papers, Defendants contend that Defendant Cobbs Allen & Hall, Inc. a/k/a/ Cobbs Allen, Inc. ("Cobbs Allen"), an Alabama resident, is fraudulently joined and should be disregarded for purposes of determining the propriety of removal under § 1441(b).[1] Plaintiff disagrees and argues the court must remand this case to state court based on the resident-defendant rule. (*See* Doc. # 32). The Motion is fully briefed. (*See* Docs. # 32, 38, 39, 40, 42, 44, 46, 47).

---

[1] The text of 28 U.S.C. 1441(b)(2) bars removal if "any of the parties in interest [were] not properly joined." Courts have often framed the related inquiry as applying the doctrine of "fraudulent joinder." *See, e.g.*, *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). However, the name of this doctrine can be misleading. *See Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 763 n.9 (7th Cir. 2009) (citations omitted) ("As many courts have noted, the term 'fraudulent joinder' is a bit of a misnomer—the doctrine requires neither fraud nor joinder."). The text of the removal statute does not require a showing that the plaintiff fraudulently alleged jurisdictional facts, only that the plaintiff did not "properly" plead such facts. And, the term "joinder" is also misleading because the doctrine applies regardless of whether the improperly included party was actually "joined" or was just included in the original complaint. *See Mayes v. Rapoport*, 198 F.3d 457, 461 n.8 (4th Cir. 1999). But, because "fraudulent joinder" is ubiquitous in the case law, this court will use that term throughout this opinion.

After careful consideration, and for the reasons discussed below, Plaintiff's Motion to Remand is due to be granted.[2]

## I.   Background

Great Barrier Insulation Company ("Great Barrier") was a thermal insulation contractor that operated out of Alabama from 1970 until it dissolved in 2007.[3] (*See* Doc. # 1-1 ¶¶ 1, 10-12). Last year, Great Barrier was sued in South Carolina state court for asbestos-related injuries allegedly caused by its insulation products, and Peter D. Protopapas ("Plaintiff") was appointed Receiver. (*See* Docs. #1-1 ¶¶ 1, 12; 32 at 2). Plaintiff began managing Great Barrier's assets (including its insurance policies) and discovered the company had limited documentation and/or inadequate insurance. (*See* Doc. # 1-1 ¶¶ 1, 46). Despite that limited documentation, Plaintiff uncovered that Alabama insurance broker Cobbs Allen brokered policies with Great Barrier that lasted from 1983 to 1987 (one of which was reinsured on an unspecified date). (Doc. # 1-1 ¶ 14). Plaintiff further alleges Great Barrier held insurance throughout Great Barrier's existence. (Doc. # 1-1 ¶ 29).

On December 1, 2020, Plaintiff filed a Complaint for Declaratory Judgment, Breach of Contract[,] and Breach of Duty in the Circuit Court of Jefferson County, Alabama against Cobbs Allen as well as three insurance companies: the Standard Fire Insurance Company, St. Paul Fire and Marine Insurance Company, and General Reinsurance Corporation ("Defendant

---

[2] Plaintiff submitted an opinion from the U.S. District Court for South Carolina as "Supplemental Authority" in which that court granted Protopapas's Motion to Remand for similar reasons: proper joinder of a non-diverse defendant. (*See* Doc. # 46-1). Although this court reaches a similar result, the Supplemental Authority relied largely on Fourth Circuit precedent and is not dispositive in this court's decision.

[3] Plaintiff initially alleged Great Barrier dissolved "in or before November 2007," but in the Motion to Remand, Plaintiff has alleged the company dissolved on September 15, 2006. (*Compare* Doc. # 1-1 ¶ 11, *with* Doc. # 32 at 4). Although the exact date of Great Barrier's dissolution is ultimately irrelevant at this point, the court will analyze the issues in this case taking into account the well-pleaded factual allegations in the Complaint.

Insurers/Reinsurer").[4] (Doc. # 1-1). Plaintiff asserted three causes of action for declaratory judgment against various Defendants and two causes of action for breach of duty and breach of contract against Cobbs Allen only. Plaintiff did not, however, state when Cobbs Allen committed any breach or act that would give rise to civil liability, though Plaintiff claimed that Cobbs Allen served as Great Barrier's insurance broker "at times pertinent to th[e] complaint." (Doc. # 1-1 ¶¶ 13, 29).

Defendants' removal based on diversity, at least on its face, poses a problem. Cobbs Allen is a resident of Alabama. And, under the resident-defendant rule, a defendant cannot remove a case to federal court if any properly joined defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). But, Defendants assert that Cobbs Allen was not properly joined and, therefore, that removal was proper. As Defendants pointed out in their Notice of Removal, (Doc. # 1), Alabama courts operate under a rule of repose that bars claims "that are not commenced within twenty years from the time they could have been." *Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1307 (11th Cir. 2000); *see McArthur v. Carrie's Admin.*, 32 Ala. 75, 92-93 (1858) (originating the rule of repose). Because the only insurance policies listed in the Complaint were entered into between 1983 and 1987, Defendants asserted that all Plaintiff's claims against Cobbs Allen were barred by the rule of repose and thus, were nonviable. (Doc. # 1 ¶ 17). It follows, they argue, that Cobbs Allen was fraudulently (or improperly) joined as there is no possibility that Plaintiffs can establish a cause of action against it.

---

[4] The original Complaint sued a fourth insurance company defendant, Twin City Fire Insurance Company, which was terminated prior to this pending motion. (Doc. # 31).

Plaintiff moved to remand, arguing that because his claims against Cobbs Allen are not limited to the insurance policies that were brokered between 1983 and 1987, the rule of repose does not bar all of his claims. (Doc. # 32). Thus, Plaintiff argues, Cobbs Allen is properly joined and removal was improper. (Doc. # 32). Accordingly, the proper joinder of Cobbs Allen (and whether this court should grant Plaintiff's Motion to Remand) hinges on the following question: are any of the claims against Cobbs Allen viable even though the Complaint does not specifically reference an insurance policy that could give rise to claims falling outside of the rule of repose?

**II.    Analysis**

A defendant may remove a case from state court if (1) the district court would have had original jurisdiction over the action and (2) the procedural requirements of the removal statute are satisfied. 28 U.S.C. § 1441(a). Original jurisdiction includes (but obviously is not limited to) diversity jurisdiction. *PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1305 (11th Cir. 2016). Diversity is the asserted basis for subject matter jurisdiction in this matter. Diversity jurisdiction exists if no plaintiff is a citizen of the same state as any defendant -- that is, there is complete diversity between the parties -- and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There are other conditions for removal of an action on the basis of diversity jurisdiction, including two statutory procedural requirements: (1) when removing solely on diversity jurisdiction, a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2); and (2) "all defendants who have been properly joined and served must join in and consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A). These procedural hurdles are known, respectively, as the "resident-defendant rule" and the "rule of unanimity." The rule of unanimity is not at issue in this case; the resident defendant rule, however, is central to the parties'

dispute because defendant Cobbs Allen is an Alabama resident. So, the court must determine if Cobbs Allen is properly joined.

The resident-defendant rule dictates that even where diversity jurisdiction exists, a defendant cannot remove a case to federal court if one of the defendants "properly joined and served" is a citizen of the state in which the case was filed. 28 U.S.C. § 1441(b); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The theory behind that rule is that removal based on diversity is intended to protect out-of-state defendants from the possible biases of a state court. Congress reasoned there is no need for such protection where a defendant is a citizen of the state in which the case is brought. Application of the resident-defendant rule is usually straightforward: after a resident defendant is served in state court, if it (or another defendant) attempts to remove the case that removal fails because of the citizenship of a served resident defendant. *See* 28 U.S.C. § 1441(b)(2). Without question, Cobbs Allen is an Alabama "citizen." But, the Defendants removing this case assert resident defendant Cobbs Allen is improperly joined in that all of Plaintiff's claims against Cobbs Allen are barred by Alabama's rule of repose. (Doc. # 1 ¶ 17).

Plaintiff frames this inquiry as jurisdictional (Doc. # 32 at 7-8), but it is procedural. *See, e.g.*, *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1258 (11th Cir. 1999), *Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1288 n.2 (N.D. Ala. 2019). The requirements for diversity jurisdiction are that complete diversity exists and that the amount-in-controversy is met. 28 U.S.C. § 1332(a). Cobbs Allen's joinder does not affect diversity — Plaintiff is not an Alabama resident. There is complete diversity and Defendants have made a sufficient showing that the amount in controversy is greater than $75,000. (*See* Doc. # 1 ¶¶ 22-27). The question is whether Cobbs Allen, an Alabama resident, can procedurally remove or join in removal. That is, the underlying question about Cobbs Allen's joinder that must be resolved.

### 1.     Standard of Review

At the outset, the court emphasizes that the bar for proper joinder is low; as discussed more fully below, under Eleventh Circuit precedent, if it is reasonably possible that any of the claims against Cobbs Allen would be viable in state court, Cobbs Allen is properly joined and the court must grant Plaintiff's Motion to Remand. (Doc. # 32). To evaluate if Cobbs Allen is properly joined, the court outlines the standard of review before addressing whether any of Plaintiff's claims against Cobbs Allen are viable.

The Eleventh Circuit has instructed district courts to construe removal statutes narrowly. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). There is a "presumption against the exercise of federal jurisdiction," and uncertainties as to removal are to be resolved in favor of remand. *Id*. This rule prevents "exposing a state-court plaintiff whose case has been removed to the possibility that the plaintiff will win a final judgment in federal court, only to have it determined that the court lacked a proper basis for jurisdiction." Wright, Miller, & Cooper, 14C Fed. Prac. & Proc. Juris. § 3721 (Rev. 4th ed.).

To succeed in proving that a co-defendant was improperly joined, a defendant must demonstrate: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). If the defendant makes either of these showings, "the resident defendant is subject to dismissal as a party and its citizenship is disregarded for diversity requirement purposes." *Brawley v. Nw. Mut. Life Ins. Co.*, 288 F. Supp. 3d 1277, 1285 (N.D. Ala. 2017).

Here, Defendants allege the first kind of improper joinder, and therefore face the heavy burden of proving that "there is no possibility the plaintiff can establish a cause of action" against

Cobbs Allen. *Crowe*, 113 F.3d at 1538. In the years since *Crowe*, the Eleventh Circuit has clarified this standard by acknowledging that a mere "theoretical" possibility is insufficient; instead, courts should apply a "reasonable possibility" standard when determining if joinder is proper. *Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005). Reasonable possibility means more than a shot in the dark. It does not, for example, include "a possibility that a designated residence can be hit by a meteor tonight." *Id.* (citing *Braden v. Wyeth*, 2004 WL 3569804, at *1 (N.D. Ala. June 30, 2004)).

When considering an improper joinder argument raised in a motion to remand, federal courts must not weigh the merits of a plaintiff's claim beyond asking whether there is an arguable claim under state law. *Crowe*, 113 F.3d at 1538; *see Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."). And, when considering whether there is a viable claim under state law, the Eleventh Circuit has indicated that federal courts should apply state pleading standards, which do not always align with stricter federal plausibility standards. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) ("To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."). In making this determination, a court may only look to the "substance of the plaintiff's allegation … not the effort given by the plaintiff to style the claims throughout litigation." *Elizabeth Homes, L.L.C. v. Cato*, 968 So.2d 1, 8 (Ala. 2007) (citing *Bailey v. Faulkner,* 940 So.2d 247, 253 (Ala. 2006)).

Since 1974, Alabama state courts have applied the permissive pleading standard from *Conley v. Gibson*, which established: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); *see Bowling v. Pow*, 301 So.2d 187 (Ala. 1974) (adopting the *Conley* standard for Alabama courts). Accordingly, Alabama courts require only that a complaint include "a generalized statement of facts which will support a claim for relief under [Rule] 8."[5] *Simpson v. Jones*, 460 So.2d 1282, 1285 (Ala. 1984) (quoting *Dunson v. Friedlander Realty,* 369 So.2d 792, 796 (Ala. 1979)). In fact, Alabama courts have held that "every reasonable intendment and presumption must be made in favor of pleader." *Johnson v. City of Mobile*, 475 So.2d 517, 518 (Ala. 1985) (citing *B&M Homes, Inc. v. Hogan,* 376 So.2d 667 (Ala. 1979)). Under the standard of review for joinder and the *Conley* pleading standards, Defendants face an uphill battle of establishing there is no reasonable possibility that Plaintiff can prove any set of facts in support of even one viable claim against Cobbs Allen.

Plaintiff asserts causes of action against Cobbs Allen for declaratory judgment, breach of duty, and breach of contract. (Doc. # 1-1 at 7-12). Defendants argue all of these claims are barred by the rule of repose. (Docs. # 1 ¶¶ 17, 19-21; 38 at 4-8; 39 at 1-4, 6-15). Because the beginning of the twenty-year clock for purposes of the rule of repose depends on the type of claim asserted, the court will review the proper standard for each claim asserted against Cobbs Allen before addressing whether each of those claims is barred by the rule of repose (or otherwise is inviable).[6]

---

[5] Rule 8 of the Alabama Rules of Civil Procedure requires a pleading to contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Ala. R. Civ. P. 8.

[6] The Eleventh Circuit has indicated that rule of repose is substantive, not procedural. *See Moore v. Liberty Nat. Ins. Co.*, 108 F. Supp. 2d 1266 (N.D. Ala. 2000), *aff'd sub nom. Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209 (11th Cir. 2001). Unlike a statute of limitations, which is merely procedural by its preclusion of a court granting a "remedy," the rule of repose eliminates a plaintiff's "right" to bring an action at all in certain situations. *Boshell v. Keith*, 418 So.2d 89, 91 (Ala. 1982); *see also Ex parte Liberty Nat. Life Ins. Co.*, 825 So.2d 758 (Ala. 2002). Thus,

### a. Declaratory Judgment Claims (Counts I-II)

Plaintiff's claims in Counts I and II against Cobbs Allen seek declarations in three areas: Cobbs Allen must (1) compensate Plaintiff as Receiver, (2) provide copies of policies to Plaintiff, and (3) defend and indemnify Great Barrier. (Doc. # 1-1 ¶¶ 26, 31-32). For reasons discussed below, the court concludes that two of these three claims are viable.

Plaintiff's declaratory judgment claims are governed by Alabama's Declaratory Judgment Act, codified at Alabama Code §§ 5-5-220 through -232. Alabama courts have made clear that a declaratory judgment action must decide a "*bona fide* justiciable controversy," *Gulf South Conference v. Boyd,* 369 So.2d 553, 557 (Ala. 1979), meaning "there are interested parties asserting adverse claims upon a state[ment] of facts which must have accrued." *Copeland v. Jefferson Cty.*, 226 So.2d 385, 387 (Ala. 1969) (citing Anderson, *Actions for Declaratory Judgments*, Volume 1, § 14). When applying the rule of repose to declaratory judgment claims, Alabama courts have determined that the twenty-year clock begins whenever an action for declaratory judgment could have first been brought by any entity (not just the plaintiff). *See Tierce v. Ellis*, 624 So.2d 553 (Ala. 1993).[7]

### 1. Plaintiff's First Declaratory Judgment Claim

Plaintiff's first declaratory judgment claim against Cobbs Allen requests a declaration regarding which of the Defendants are responsible for compensating the Receiver for his services.

---

under the *Erie* doctrine, it is proper for this court to apply the rule of repose. *See generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[7] Plaintiff asserts that his declaratory judgment actions cannot be barred by the rule of repose because they "seek policy interpretations concerning the parties' *current* rights and obligations," (Doc. # 32 at 1), and because there is no precedent for applying the rule of repose to Great Barrier's declaratory judgment actions, (Doc. # 32 at 6). But both of these assertions are incorrect. Alabama courts have applied the rule of repose to declaratory judgment actions and looked to the date by which the claims could first have been brought when applying the rule of repose. *See Tierce*, 624 So.2d at 554-55.

(Doc. # 1-1 ¶ 26). However, this claim fails to meet the standard for viability because it amounts to a stand-alone request for attorney's fees, and Alabama courts have held that the Alabama Declaratory Judgment Act "does not authorize the award of attorney fees." *Romar Dev. Co. v. Gulf View Mgmt. Corp.*, 644 So. 2d 462 (Ala. 1994). Consistent with *Romar*, Alabama courts have further indicated a stand-alone request for attorney fees in a declaratory judgment action "*does not resuscitate an otherwise moot controversy*." *Underwood v. Alabama State Bd. of Educ.*, 39 So. 3d 120, 128 (Ala. 2009) (quoting *Chapman v. Gooden,* 974 So.2d 972, 983-84 (Ala. 2007)) (emphasis in original).[8] This means that if the rule of repose bars all of Plaintiff's other claims against Cobbs Allen, thus rendering them moot, a stand-alone request for compensation in the form of fees would not be authorized by Alabama law and would not resuscitate Plaintiff's controversy with Cobbs Allen. Therefore, this declaratory judgment claim for compensation cannot, by itself, present a bona fide, justiciable controversy to establish proper joinder of Cobbs Allen.

### 2. Plaintiff's Second Declaratory Judgment Claim

Plaintiff's second declaratory judgment claim against Cobbs Allen requests a declaration that he is entitled to "copies of all defendant insurance policies and certificates and treaties of insurance." (Doc. # 1-1 ¶ 31). Plaintiff's claim against Cobbs Allen is not limited to the known policies that Cobbs Allen brokered in the 1980s;[9] rather, the claim refers to unnamed policies that Cobbs Allen was "ceded … in respect of Great Barrier" at an unspecified date.[10] (Doc. # 1-1 ¶ 31).

---

[8] Plaintiff asserts the Receiver's claim for compensation is not barred by the rule of repose because the claim did not accrue until his November 3, 2020, appointment as Receiver. (Doc. # 32 at 1). Ultimately, however, the court need not reach this argument because Plaintiff's first declaratory action claim cannot stand on its own.

[9] Although Cobbs Allen asserts Plaintiff's claim does not implicate it (*see* Doc. # 38 at 3), Plaintiff requests a general declaration that he is entitled to copies of policies, which would implicate Cobbs Allen as a co-defendant. (*See* Doc. # 1-1 ¶ 31).

[10] Defendants argue Plaintiff fails to allege "substantive claims" beyond those related to policies procured in the 1980s (*see* Doc. # 39 at 1); however, Alabama pleading standards require only a "a short and plain statement of

District courts in the Eleventh Circuit have held that where it is not apparent from the face of the complaint when a claim could have first been brought, the rule of repose does not bar the claim. *Evans v. Walter Indus., Inc.*, 579 F. Supp. 2d 1349, 1365 (N.D. Ala. 2008), *Sides v. State Farm Life Ins. Co.*, 2018 WL 9812049, at *3 (M.D. Ala. Nov. 30, 2018). If Great Barrier held insurance throughout its existence and Cobbs Allen served as Great Barrier's broker throughout that time (and, to be clear, that is what the Complaint plausibly alleges), it is reasonably possible that Cobbs Allen brokered policies for Great Barrier between December 1, 2000 and Great Barrier's dissolution in November 2007. Claims arising during those years would not be barred by the rule of repose. Accordingly, the second declaratory judgment claim is not entirely precluded by the rule of repose.[11]

Defendants also argue Plaintiff's second declaratory judgment claim amounts to a "freestanding cause of action for production of documents" that fails to state a claim; the court disagrees. (Doc. # 39 at 3). The facts underlying this claim have already accrued and given rise to a bona fide controversy. Plaintiff's Complaint asserts that Defendants have wrongfully kept possession of insurance documents, which satisfies the factual accrual requirement that the claim be based upon a completed set of factual predicates. *See Saenger Theatres Corp. v. McDermott*, 237 Ala. 489, 490 (1939) (holding that a complainant asserting declaratory judgment claims must base those claims on factual allegations that exist and do not simply "anticipate" a controversy). And, Plaintiff's allegation that those documents are his property as Receiver and that Cobbs Allen

---

the claim," Ala. R. Civ. P. 8, and a "generalized statement of facts" to support the claim, *Simpson*, 460 So.2d at 1285. That Plaintiff has not specified a date for this claim does not render it insufficient.

[11] Defendants correctly note that discovery does not toll the running of the rule of repose. (Docs. # 38 at 2; 39 at 2). This is a correct statement of law, but the principle is irrelevant here because a reasonable possibly of a valid claim exists regardless of whether the rule was tolled.

has not yet supplied copies of the policies, (Doc. # 1-1 ¶¶ 30, 33), satisfies the bona fide controversy requirement. In other words, Plaintiff has articulated a legal claim that the documents are his property and that Cobbs Allen has failed to provide them. (Doc. # 39 at 15). This is all that is required to show a bona fide controversy sufficient to constitute a valid declaratory judgment claim. *See Copeland*, 226 So.2d at 387 (holding that a bona fide controversy exists for purposes of Alabama's Declaratory Judgment Act where the complainant has "stated facts showing that he is entitled to a declaration of rights" and articulated legal claims arising from those facts). Because there is a reasonable possibility that Plaintiff's second declaratory judgment claim is not barred by the rule of repose, rests on facts that have accrued, and is a bona fide controversy, Plaintiff has a viable claim against Cobbs Allen.

### 3.      Plaintiff's Third Declaratory Judgment Claim

Plaintiff's third declaratory judgment claim against Cobbs Allen requests a declaration that Cobbs Allen defend and indemnify Plaintiff if the insurers and reinsurers failed to issue an insurance policy despite Great Barrier requesting Cobbs Allen purchase such a policy on its behalf. (Doc. # 1-1 ¶ 32). The rule of repose for this claim began running when Cobbs Allen allegedly failed to procure insurance policies with Defendant insurers and reinsurers. *See Tierce*, 624 So.2d at 554 ("[T]he rule of repose…bars actions that have not been commenced within 20 years from the time they could have been commenced."). At first glance, it seems this claim would be barred by the rule of repose; after all, just as Defendants argue, the Complaint only lists known "policies with Defendant Insurers/Reinsurer" from the 1980s. Quite obviously, Cobbs Allen's failure to procure *these* policies would have occurred during or prior to the 1980s. (Docs. # 1 ¶ 21; 1-1 ¶¶ 14, 32). But, the Complaint also plainly alleges the policies subject to the declaratory judgment claim are "not limited to" the listed 1980s policies. (Doc. # 1-1 ¶ 14). It is possible (and can be

12

inferred from the allegations made in the Complaint) that Cobbs Allen failed to procure policies with an insurer or reinsurer later — including a policy within the twenty-year rule of repose window (*i.e.*, December 2000–November 2007). So, as with the second declaratory judgment claim, when the face of a complaint does not indicate the date a claim could have been commenced, the rule of repose is not invoked. *Evans*, 579 F. Supp. 2d at 1365, *Sides*, 2018 WL 9812049, at *3. Accordingly, and despite Defendants' arguments to the contrary, this claim seeking defense and indemnification is not barred by the rule of repose.

### b. Breach of Duty Claims (Count IV)

Plaintiff next asserts that Cobbs Allen breached its duty by "failing to place, procure or document insurance" for Great Barrier. (Doc. # 1-1 ¶ 40). For reasons discussed below, the claims for failure to place and procure are viable, but the claim for failure to document is not. The low bar Plaintiff must satisfy is a showing that there is a "reasonable possibility" an Alabama court would consider these claims viable, *Legg*, 428 F.3d at 1324, and whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim[s]." *Conley*, 355 U.S. 45-46. Similar to the third declaratory judgment claim referenced above, in relation to a claim for a broker's failure to place/procure insurance policies, the rule of repose begins to run when the broker fails to place/procure the policies (*i.e.*, when such a claim could have first been commenced). *See Tierce*, 624 So.2d at 554. On the other hand, for a claim related to insurance policies that actually *were* placed/procured, "the rule of repose beg[i]ns running on each claim arising from the purchase of a particular policy as soon as the plaintiff pa[ys] the first premium for the policy." *Brawley*, 288 F. Supp. 3d at 1287 (quoting *Underwood*, 886 So. 2d at 813). So, in order for these breach of duty claims to be viable under the rule of repose, there must only be a reasonable possibility that Cobbs Allen failed to place/procure insurance as directed within the last

twenty years or that Great Barrier paid its first premium on an inadequate policy brokered by Cobbs Allen within the last twenty years. *Conley*, 355 U.S. 45-46.

Plaintiff's claim that Cobbs Allen acted negligently by failing to place and procure appropriate insurance is not barred by the rule of repose because the claim does not allege specific dates, and it is reasonably possible Plaintiff could prove a set of facts showing either (1) within the last twenty years Cobbs Allen failed to place insurance when directed to do so by Great Barrier or (2) Cobbs Allen brokered an inadequate policy that began premium payments on or after December 1, 2000.[12] First, Cobbs Allen could have failed to place/procure insurance at some point between December 1, 2000 and Great Barrier's dissolution in November 2007 — dates that would be within the twenty-year rule of repose window. Because the rule of repose begins running when a claim could have first been commenced, *Tierce*, 624 So.2d at 554, the twenty-year clock would have begun running on this claim at any moment when Cobbs Allen breached its duty to place/procure insurance policies as directed by Great Barrier. Further, the Complaint states that "Great Barrier is known to have purchased insurance policies at and with the advice of Cobbs Allen, *including, but not limited to*" the 1980s insurance policies. (Doc. # 1-1 ¶ 14, emphasis added). If Cobbs Allen's brokerage was "not limited to" the 1980s policies, it is also reasonably possible Great Barrier continued to direct Cobbs Allen to place/procure insurance after the 1980s policies lapsed, which could include the years between 2000 and 2007. (Doc. # 1-1 ¶ 14). Further, it is reasonably possible that if Great Barrier directed Cobbs Allen to place/procure insurance between 2000 and 2007, and if (as Plaintiff alleges) Great Barrier had "inadequate insurance for the years of its operation," Cobbs Allen breached its duty to Great Barrier within the twenty-year

---

[12] To be sure, claims related to the insurance policies Cobbs Allen is known to have brokered between 1983 and 1987 would be barred by Alabama's rule of repose because Great Barrier would have paid the first premium on those polices well before December 1, 2000.

14

rule of repose window. (Doc. # 1-1 ¶ 46). Second, Cobbs Allen could have brokered inadequate policies that began charging premiums between 2000 and 2007. For tort claims tied to specific insurance policies, the rule of repose begins running when an insured pays the first premium. *See Brawley*, 288 F. Supp. 3d at 1287. Again, the Complaint alleges that Cobbs Allen "served as the insurance broker to Great Barrier at times pertinent to this complaint" and that "Great Barrier held insurance policies…throughout its period of existence" (*i.e.*, from 1970 to 2007). Again, this indicates that, based upon the factual allegations, it is reasonably possible that Cobbs Allen brokered insurance for Great Barrier with premiums beginning on or after December 1, 2000. (Doc. # 1-1 ¶¶ 13, 29).[13] And, because Plaintiff alleges that Great Barrier had "inadequate insurance for the years of its operation," it is also reasonably possible that Cobbs Allen breached its duty to Great Barrier by brokering inadequate policies that began premium payments on or after December 1, 2000. (Doc. # 1-1 ¶ 46). And, under the applicable standard of review, a reasonable possibility of establishing a cause of action is sufficient.

Regarding Plaintiff's claim that Cobbs Allen breached its duty to document insurance, however, the court agrees with Defendants that it is not possible for Plaintiff to prove any set of facts in support of this claim that would entitle him to relief. Alabama law only imposes the duty to keep "complete records pertaining to transactions under the producer's license" for three years. Ala. Code § 27-7-33(a). Because the last possible transaction between Cobbs Allen and Great

---

[13] Removing Defendants point out that "continued collection of premiums after the payment of the first premium for each policy does not toll the running of the rule of repose." (Doc. # 1 ¶ 19) (citation removed). And, although this is correct, *see Am. Gen. Life & Acc. Ins. Co.*, 886 So.2d at 813, it is still possible that Cobbs Allen brokered policies with premiums beginning between December 1, 2000, and its dissolution such that tolling is unnecessary to establish a viable claim.

Barrier would have been in 2007, the year Great Barrier dissolved, Cobbs Allen's obligation to document insurance would have expired in 2010.[14]

### c.      Breach of Contract Claim (Count V)

Finally, Plaintiff asserts that Cobbs Allen breached its contract with Great Barrier to "procure, secure, and document appropriate insurance." (Doc. # 1-1 ¶ 45). As with the breach of duty claims, Plaintiff's breach of contract claim does not allege specific dates when the breach occurred.[15] For a suit on a breach of contract claim, the rule of repose clock begins running "as soon as the defendant breaches the contract, regardless of whether the plaintiff has suffered an actual injury." *Am. Gen. Life & Acc. Ins. Co.*, 886 So.2d at 813 n.1 (citing *Stephens v. Creel*, 429 So.2d 278, 280-83 (Ala. 1983)).

Plaintiff alleges Cobbs Allen continued its contractual relationship with Great Barrier until 2007 and breached this contract on unspecified dates. (*See* Doc. # 1-1 ¶¶ 13, 45). Because Plaintiff's breach of contract claim covers a period that would not be barred by the rule of repose (*i.e.*, 2000-2007), there is a possibility Plaintiff has a viable claim. Moreover, as discussed under the breach of duty claims, this is a *reasonable* possibility because Cobbs Allen and Great Barrier had an existing business relationship, Plaintiff alleges the relationship was based on a contract,

---

[14] Plaintiff contends that Alabama's three-year statute of limitations only applies with regard to "producer[s]" and argues that term does not include insurance brokers. (Doc. # 40 at 9). The Alabama Code defines a producer as: "A person required to be licensed under the laws of this state to sell, solicit, or negotiate insurance." Ala. Code § 27-7-1. Because Alabama requires insurance brokers to be licensed to negotiate insurance under Alabama Code § 27-7-1(8), an insurer broker falls under the definition of a producer. *See generally* Jeffrey E. Thomas and Francis J. Mootz III, *New Appleman on Insurance Law Library Edition*, Vol. 1 "Essentials of Insurance Law," Chapters 1-7, § 2.01 (December 2020).

[15] Cobbs Allen argues that Plaintiff does not provide proof of the existence of a contract. (Doc. # 38 at 3-5). However, at this point the court looks to the allegations in Plaintiff's state court Complaint. (Doc. # 1-1). Plaintiff has alleged that a contract existed and this is enough for Alabama courts to presume that to be true. *See Berry v. Druid City Hosp. Bd.*, 333 So. 2d 796, 801 (Ala. 1976) ("[To state a breach of contract claim,] the plaintiff need only allege the [e]xistence of a valid and binding contract, performance by the plaintiff and breach by defendant."). Indeed, "every reasonable intendment and presumption must be made in favor of the pleader." *Johnson*, 475 So. 2d at 519-20.

and Plaintiff alleges that Cobbs Allen breached the terms of the contract because Great Barrier held "limited documentation and/or inadequate insurance" during its existence. (Doc. # 1-1 ¶¶ 45-46). Thus, the possibility Cobbs Allen breached its contract with Great Barrier within the seven or so years before Great Barrier's dissolution is reasonable (meaning more than "theoretical"). *Legg*, 428 F.3d at 1325 n.5. And under Alabama's *Conley* standard, this is sufficient to show the reasonable possibility required to establish a viable claim.

### III.    Conclusion

Because Plaintiff has viable claims against Cobbs Allen for breach of duty, breach of contract, and under Alabama's Declaratory Judgment Act, the court concludes Cobbs Allen is a properly joined party to this suit. And, because Cobbs Allen is a resident of the state in which this court sits, Plaintiff's Motion to Remand (Doc. # 32) is due to be granted.

A separate Order will be entered.

**DONE** and **ORDERED** this April 29, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE
